[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15304
Non-Argument Calendar

_____

BIA No. A77-924-727

CHUN RONG YANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 1, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Chun Rong Yang, a native and citizen of China, petitions, through counsel, for review of the Board of Immigration Appeals' ("BIA") order denying her third motion to reopen and rescind her in absentia removal order. On review, Yang argues that the BIA failed to give proper weight to the evidence she provided in support of her claim that she would be forcibly sterilized if she were to return to China after giving birth to two children in the United States. She contends that the BIA erred by denying her motion to reopen in light of this evidence of changed circumstances. Yang asserts that she will be forcibly sterilized even though her children were born in the United States because neither she nor her husband have legal status in the United States, which would potentially exempt them from family planning regulations.

For the reasons set forth more fully below, we deny the petition for review.[1]

We review "the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of

---

[1] Yang has failed to address in her initial brief the BIA's finding that it had previously found that she failed to establish a well-founded fear of future persecution and, thus, a prima facie case of asylum eligibility. Accordingly, she has abandoned the issue and we do not address it. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The 90-day time limit does not apply if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. Id.

In Li v. U.S. Att'y Gen., 488 F.3d 1371, 1373 (11th Cir. 2007), we interpreted the "changed country conditions" exception and concluded that the BIA erred by denying a motion to reopen based on new evidence that officials in Li's hometown "had intensified their persecution of parents of two children." In Li, the petitioner submitted the following evidence in support of her motion to reopen: (1) her own affidavit, reporting recent second-hand accounts of forced sterilization and abortion in her village in the previous year; (2) her mother's affidavit, reporting that family planning enforcement had become "more severe" in their

3

village, that sterilizations "were more common than before," and that three women from their village recently had been forcibly sterilized after giving birth to their second child; (3) the 2003 U.S. State Department Country Report, which was available at the original removal hearing, indicating that the one-child policy was more relaxed in rural areas but that couples with two children were "usually pressured to undergo sterilization"; (4) the 2004 U.S. State Department Country Report, which was not available at the original removal hearing, indicating that couples with two children were "often pressured to undergo sterilization"; and (5) the 2005 U.S. State Department Country Report, indicating that forced sterilization and abortion were prevalent in rural provinces. Id.

The BIA denied Li's motion, reasoning that the anecdotal evidence of sterilization in her hometown province established "'only that the family planning policies are enforced generally in [the movant's] hometown and that they were enforced specifically against the person identified [in the anecdotes].'" 488 F.3d at 1374. We rejected the BIA's reasoning, particularly in light of Li's evidence of "a recent campaign of forced sterilization in her home village," and concluded that she had presented sufficient evidence of changed circumstances to excuse her untimely motion to reopen. Id. at 1375.

Here, Yang argues that evidence of a change to her personal circumstances since the time that she was ordered removed in absentia--that is, the intervening

4

birth of her two children--when coupled with evidence that the enforcement of China's family planning regulations remains strong and has not been relaxed, established "changed country circumstances." The exception to the 90-day period for filing a motion to reopen applies where the petitioner establishes "changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), and not changed personal circumstances, such as the ones relied on by Yang. Unlike the evidence presented in Li, here, Yang relied on evidence that officials continue to enforce the one-child policy through tactics such as forced sterilization, without any argument that the manner of enforcement has worsened. Moreover, much of the evidence Yang presented discusses conditions in China prior to her initial hearing in May 2000. Further, to the extent Yang cites the 2007 U.S. State Department Country Report in her initial brief, this evidence was not before the BIA and we do not consider it. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001). Accordingly, because Yang failed to present evidence of changed country conditions, as opposed to changed personal circumstances, since the time that she was ordered removed in absentia, the BIA did not abuse its discretion in denying her motion to reopen.

In light of the foregoing, Yang's petition for review is **DENIED.**